## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ROBERT EMMETT HELLMERS, III**                    **PETITIONER**

**V.**                                        **1:17-cv-91-HSO-JCG**

**BEVERLY McGILL**                                **RESPONDENT**

### REPORT AND RECOMMENDATION THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED AND THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 DISMISSED

BEFORE THE COURT is the *pro se* Petition of Robert Emmett Hellmers, III (Petitioner) for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 5). At the time his Petition was filed, Hellmers was a pretrial detainee at Lenoir Rowell Criminal Justice Center in Pearl River County, Mississippi, generally referred to as the Pearl River County Jail. Respondent Beverly McGill has filed a Motion to Dismiss the Petition as moot and provided proof that Petitioner is no longer a pretrial detainee but has entered pleas of guilty. (ECF No. 12). In a related case, the Pearl River County Jail informed the Court by telephone that Petitioner has been released from the Pearl River County Jail. In this case, Petitioner did not respond to Respondent's Motion to Dismiss or the Court's Order to Show Cause. He has not filed a change of address. Having considered the submissions by Respondent, the failure of Petitioner to respond, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends that Respondent's

Motion to Dismiss be granted because the Petition is moot and Petitioner has failed to prosecute.

## BACKGROUND

On May 20, 2016, a grand jury in Pearl River County, Mississippi, indicted Petitioner in a four-count indictment alleging possession of weapons by a convicted felon. (ECF No. 12-1). On September 2, 2016, Petitioner was indicted by a Pearl River County grand jury in a four-count indictment alleging possession of controlled substances with intent to distribute. (ECF No. 12-3).

While detained at the Pearl River County Jail, Petitioner filed a civil action in this Court on May 9, 2016, requesting "compensation and dismissal of charges based on false imprisonment." (ECF No. 1, at 1). *See Hellmers v. Pearl River County Sheriff's Dep't,* Civil No. 1:16-cv-157-HSO-JCG ("Hellmers I"). Petitioner complained that the conditions of his confinement were unconstitutional and that an illegal search warrant was executed against his phone. Petitioner alleged that he had been in custody for 270 days since his arrest and asserted his right to a speedy trial. (ECF No. 5, at 2). Petitioner's claims requesting a speedy trial and release from detention were severed and this habeas case opened.

On June 1, 2017, Respondent filed a Motion to Dismiss the Petition as moot because Petitioner pleaded guilty to Count One of each indictment and thereby waived his allegations of speedy trial violations. Respondent submitted evidence that in Pearl River Circuit Court Cause No. 55:16-CR-48, Petitioner accepted a

guilty plea to the lesser included offense of disturbing the peace, a misdemeanor, in violation of Mississippi Code Section 97-35-15; the remaining three Counts were dismissed. (ECF No. 12-2). In Pearl River Circuit Court Cause No. 55:16-CR-232, Petitioner accepted a guilty plea to the lesser included offense of possession of a controlled substance, a misdemeanor, in violation of Mississippi Code Section 41-29-139; the remaining three Counts were dismissed. (ECF No. 12-4).

The undersigned issued an Order to Show Cause on August 7, 2017, requiring Petitioner to respond to Respondent's Motion to Dismiss on or before September 7, 2017. (ECF No. 13). The Order to Show Cause warned Petitioner that, if he did not file a timely response, his habeas Petition was subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). *Id.* (citing *Martinez v. Johnson,* 104 F.3d 769, 772-73 (5th Cir. 1997) (affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)). The Order to Show Cause was mailed by certified mail to Petitioner's last known address at the Pearl River County Jail. The Pearl River County Jail received the Order to Show Cause on August 11, 2017. (ECF No. 14).

An omnibus hearing was set for August 23, 2017, in the related case, *Hellmers I.* A writ of habeas corpus ad testificandum issued to the warden of the Pearl River County Jail to produce Petitioner for the omnibus hearing. Prior the hearing, the Deputy Clerk received a telephone call from the Pearl River County Jail advising that Petitioner had been released. Petitioner did not appear at the

omnibus hearing. He did not respond to a post-hearing Order to Show Cause. Petitioner submitted nothing to rebut the summary judgment evidence submitted by the defendants. As a result, *Hellmers I* was dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and as barred by 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

## ANALYSIS

A pretrial prisoner's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.,* 816 F.2d 220, 224 (5th Cir. 1987). The "purpose of the writ [filed pursuant to § 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff,* 488 F.2d 218, 222 (5th Cir. 1973) (citations omitted).

Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons,* 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987) (finding §2241 petition moot where prisoner who asked to be released from confinement was released from confinement)); *see United States ex rel. Lynn v. Downer,* 322 U.S. 756, 756 (1944) (finding petition for writ of certiorari moot where petitioner no longer in respondent's custody); *Salinas v. U.S. Marshals Serv.,* 111 F.

4

App'x 782, 783 (5th Cir. 2004) ("because [petitioner] has already been released from federal custody, there is no relief this court can grant . . .").

In his Petition, Hellmers seeks a speedy trial and release from detention. The Court cannot grant this relief. These requests were rendered moot by Petitioner's guilty pleas and release from the Pearl River County Jail. *See Elmore v. Ford,* No. 2:11-cv-256-KS-MTP, 2012 WL 1715325 (S.D. Miss. Apr. 17, 2012), report and recommendation adopted, 2012 WL 1715308 (S. D. Miss. May 14, 2012) (affirming petition as moot where petitioner entered guilty plea, was sentenced, and released from custody). Respondent's Motion to Dismiss the Petition as moot should be granted.

Moreover, this case exemplifies the type of action that warrants dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). It is evident that Petitioner has abandoned this action. Petitioner did not respond to Respondent's Motion to Dismiss, despite being ordered to do so. Petitioner did not appear for the omnibus hearing in *Hellmers I.* The Deputy Clerk was informed by the Pearl River County Jail that Petitioner had been released. Petitioner has not provided an updated address. He was warned that failure to advise the Court of a current address subjected his case to dismissal. (ECF No. 4, 8). Petitioner has not filed any pleadings or otherwise inquired into the status of his case since April 2017. Petitioner has failed to prosecute and obey Orders to keep the

5

Court apprised of his current address. *See Hejl v. State of Texas,* 664 F.2d 1273, 1274-75 (5th Cir. 1982)

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss the 28 U.S.C. § 2241 Petition be granted. The Petition should be dismissed because it is moot, and Petitioner has failed to prosecute and obey the Court's Orders.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen (14) days to serve and file with the Clerk of Court any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415,

1428-29 (5th Cir. 1996).

**SIGNED**, this the 8th day of January, 2018.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE