IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT EMMETT HELLMERS, III | § | PETITIONER |
| v. | § | Civil No. 1:17cv91-HSO-JCG |
| BEVERLY McGILL | § | RESPONDENT |

## ORDER ADOPTING MAGISTRATE JUDGE'S [15] REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S [12] MOTION TO DISMISS, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on the Report and Recommendation [15] of United States Magistrate Judge John C. Gargiulo, entered in this case on January 8, 2018, and the Motion to Dismiss [12] filed by Respondent Beverly McGill on June 1, 2017. The Magistrate Judge recommended that Respondent's Motion to Dismiss [12] be granted, and that Petitioner Robert Emmett Hellmers, III's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be dismissed as moot and for failure to prosecute and obey the Court's Orders. R. & R. [15] at 6.

After due consideration of the Report and Recommendation [15], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [15] should be adopted, and that Respondent's Motion to Dismiss [12] should be granted. Petitioner's Petition for Writ of Habeas Corpus should be dismissed as moot and for failure to prosecute and obey the Court's Orders.

1

I. BACKGROUND

A. Factual Background

On May 20, 2016, Petitioner Robert Emmett Hellmers, III ("Petitioner") was indicted by a grand jury in Pearl River County, Mississippi, on four counts of possession of a weapon by a convicted felon. Indictment [12-1] at 1-2. On September 2, 2016, the grand jury returned another indictment charging Petitioner with four counts of possession of a controlled substance with intent to distribute. Indictment [12-3] at 1-2.

On April 25, 2017, the Circuit Court of Pearl River County, Mississippi, accepted a misdemeanor guilty plea in both criminal cases. In the first case, Petitioner pleaded guilty to disturbing the peace, and in the second, he pleaded guilty to misdemeanor possession of a controlled substance. Order [12-2] at 1-2; Order [12-4] at 1-2. On each charge, Petitioner was sentenced to serve six months in the Pearl River County Jail, said sentences suspended pending successful completion of certain conditions. Order [12-2] at 1-2; Order [12-4] at 1-2.

B. Procedural History

On or about May 9, 2016, Petitioner filed a Complaint pursuant to 42 U.S.C. § 1983 in a separate civil action in this Court. *See Hellmers v. Pearl River Cty. Sheriff's Dep't*, 1:16-cv-157-HSO-JCG (S.D. Miss. May 9, 2016). On March 30, 2017, the Court severed Petitioner's habeas claims from that case and ordered the Clerk of Court to open the instant 28 U.S.C. § 2241 civil action as of the date of that Order.

On April 4, 2017, the Magistrate Judge ordered Petitioner to complete a form to file a petition for habeas relief pursuant to 28 U.S.C. § 2241. Order [4] at 2. In the completed Petition [5], executed on April 23, 2017, Petitioner asserted that his right to a speedy trial had been violated because he had been in jail for almost 16 months without having a trial. Pet. [5] at 6-9. Petitioner sought "dissmisal [sic] and compensation." *Id.* at 8.

On June 1, 2017, Respondent filed a Motion to Dismiss [12] taking the position that this action should be dismissed as moot. Mot. to Dismiss [12] at 3. Respondent argued that because Petitioner entered pleas as to the charges against him, he is no longer a pretrial detainee under 28 U.S.C. § 2241. According to Respondent, there are no charges pending against Petitioner in the Pearl River County Circuit Court. *Id.* at 2. To the extent Petitioner requested he be given a speedy trial, Respondent maintained that such was no longer an issue subject to review by the Court in light of Petitioner's guilty plea in each case, which waived all non-jurisdictional defects in the proceedings preceding those pleas. *Id.* at 2-3.

Petitioner did not respond to Respondent's Motion to Dismiss [12]. On August 7, 2017, the Magistrate Judge entered an Order to Show Cause [13], which required Petitioner to respond to the Motion [12] by September 7, 2017. Order [13] at 1. The Magistrate Judge warned Petitioner that if he failed "to timely file a response, this case will be subject to dismissal for failure to prosecute." *Id.* Petitioner did not respond to the Order [13], and has not filed anything in this case since his Petition [5] and Motion for Leave to Proceed *In Forma Pauperis* [6] were

3

docketed by the Clerk nearly ten months ago, on April 25, 2017.

On January 8, 2018, the Magistrate Judge entered a Report and Recommendation [15] recommending that Respondent's Motion to Dismiss [12] be granted and that the Petition be dismissed as moot and for failure to prosecute and obey the Court's Orders. R. & R. [15] at 6. A copy of the Report and Recommendation [15] was mailed to Petitioner at his address of record on January 8, 2018. Petitioner has not filed any objections to the Report and Recommendation, and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* Dismissal is warranted because this action is moot and because Petitioner has failed to prosecute and obey the Court's Orders.

## III. CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation

4

[15] as the opinion of this Court, will grant Respondent's Motion to Dismiss [12], and will dismiss the Petition for Writ of Habeas Corpus as moot and for failure to prosecute and obey the Court's Orders.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [15] of United States Magistrate Judge John C. Gargiulo, entered in this case on January 8, 2018, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Beverly McGill's Motion to Dismiss [12] is **GRANTED**, and Petitioner Robert Emmett Hellmers, III's Petition for Writ of Habeas Corpus is **DISMISSED** as moot and for failure to prosecute and obey the Court's Orders.

**SO ORDERED AND ADJUDGED**, this the 15th day of February 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE